## United Security Insurance Company v. Breen

*Mervine & Calderwood,* for plaintiff.

*Samuel F. Bonavita,* for defendant.

WOLFE, P. J., October 29, 1973.—Plaintiff has asked us to modify an arbitration award in its favor under section 11 of the Act of April 25, 1927, P. L. 381 (No. 248), 5 PS §171. Section 11(a) permits the court to make an order modifying or correcting an arbitration award, where there was an evident material

miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award.

Petitioner initially brought action against defendant in assumpsit to collect $1,368.89, alleging breach of contract by defendant in that defendant failed to cooperate with plaintiff in its subrogation against a third party to which plaintiff paid the aforesaid amount and now is entitled to the total paid out. However, the Board of Arbitrators rendered its verdict for one-half of that amount. Plaintiff requests the court increase the award to $1,368.89.

We do not question the court's authority to modify or correct improper awards under the section cited. However, we agree with defendant that since plaintiff's action was initiated and heard under chapter 2 rather than chapter 4, upon which plaintiff now relies, plaintiff's remedy must be pursued under chapter 2 providing for compulsory arbitration. In short, we do not think plaintiff who has commenced its action under local rules of arbitration under chapter 2 of the Arbitration Act of June 16, 1836, P. L. 715, 59 PS §21, et seq., and after judgment has been rendered, can have it modified under chapter 4 which provides for arbitration under written contracts. This, notwithstanding plaintiff's policy with defendant, required plaintiff to cooperate in subrogation matters.

Petitioner relies upon Project Builders, Inc. v. Zeiders, 47 D. & C. 2d 142 (1969), to support its position. In that case, the court determined that petitioner's action and subsequent request for modification of arbitrator's award was not brought under the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §161, but that, rather, the arbitration proceeding was under the common law, and the court found that the arbitrator made a manifest and self-evident error which did not involve a mistake of law or fact but, rather, a

miscalculation in computing plaintiff's claim based on the facts found. The court concluded, in citing Continental Milling and Feed Co. v. Doughnut Corporation of America, 186 Md. 669, 48 A. 2d 447 (1946), that through the court's "inherent equitable powers [it] can correct the obvious error of the arbitrator and thus give effect to the obvious intention of the arbitrator in making his award."

Under chapter 2 of the Arbitration Act of June 16, 1836, P. L. 715, sec. 26, as amended, 5 PS §57, the several courts of common pleas may set aside an award of arbitrators, on due proof:

"1. That the arbitrators misbehaved themselves in the course of the hearing before them.

"2. That the award was procured by corruption, or other undue means."

There is nothing before us to conclude in any degree that the arbitrators arrived at their judgment through any misbehavior or through any corruption or undue means. Admittedly, plaintiff is disappointed in receiving only one-half of its expected verdict but plaintiff did not exercise its appeal rights from this award as the procedure provides in chapter 2 providing for appeals de novo under the Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71, and as supplemented by local rules of court.

Another reason we cannot exercise our inherent equitable powers, as stated in Project Builders, Inc., supra, is that it cannot be concluded there is mere error in calculation evidenced on the face of the award, such as a mathematical error or similar defect. There may have been valid reasons for the arbitrators in the instant case to permit plaintiff only one-half of recovery. We are not permitted to conjecture or surmise why the arbitrators arrived at the amount awarded.

For the foregoing reasons, we make the following

## ORDER

And now, to wit, October 29, 1973, the petition to modify and correct award of arbitrators in the captioned matter is denied and the prothonotary is directed to enter judgment on the award.